UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: EX PARTE APPLICATION OF NAGATSUKI ASSOCIATION dba YAMAMOTO DERMATOLOGY CLINIC,<br><br>Applicant. | Case No. 20-mc-80030-SVK<br><br>**ORDER ON EX PARTE APPLICATION FOR ORDER PURSUANT TO 28 U.S.C. § 1782 PERMITTING DISCOVERY FOR USE IN FOREIGN PROCEEDING**<br><br>Re: Dkt. No. 1 |

Before the Court is the *ex parte* application of Nagatsuki Association dba Yamamoto Dermatology Clinic (the "Clinic") for an order pursuant to 28 U.S.C. § 1782 authorizing service of a subpoena for documents on Google LLC ("Google"). Dkt. 1. The proposed subpoena seeks identifying information for two Google users who posted negative Google reviews of the Clinic, which is located in Japan. *Id.* at 2; Dkt. 1-4. The Clinic alleges that these reviews constitute infringement of honor, defamation, libel, harassment, and possibly interference with business relations under Japanese law. Dkt. 1 at 2; Dkt. 1-1 (Kanda Decl.) at ¶¶ 8, 11-12.

The Court **GRANTS** the Clinic's application on the conditions and for the reasons discussed below.

**I.   BACKGROUND**

The Clinic operates in Hiroshima, Japan. Dkt. 1-2 (Yamamoto Decl.) at ¶ 2. In October 2018, a Google reviewer with the display name "kurumi pan" posted a one-star rating and a review concerning treatment of his or her boils at the Clinic. *Id.* at ¶ 8. In January 2019, a Google reviewer with the display name "KS" posted a one-star rating and a review concerning treatment of his or her ingrown nails at the Clinic. *Id.* at ¶ 9. The Clinic asserts that it intends to bring a lawsuit in Japan against the person or persons who control the accounts that posted these reviews

once the Clinic ascertains their identities. Dkt. 1-1 at ¶ 14; Dkt. 1-2 at ¶ 12. The Clinic has been unable to identify the Google reviewers based on a review of its patient records. Dkt. 1-2 at ¶¶ 10-11. As a result, the Clinic seeks discovery of the account users' identities by subpoena to Google.

## II. LEGAL STANDARD

A district court may order the production of documents or testimony for use in a foreign legal proceeding under 28 U.S.C. § 1782, as long as the disclosure would not violate a legal privilege. 28 U.S.C. § 1782(a); *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 249 (2004). An applicant may invoke the statute where (1) the discovery is sought from a person residing in the district of the court to which the application is made; (2) the discovery is for use in a proceeding before a foreign tribunal; and (3) the applicant is a foreign or international tribunal or an "interested person." 28 U.S.C. § 1782(a).

A district court is not required to grant an application that meets the statutory criteria, but instead retains discretion to determine what discovery, if any, should be permitted. *Intel*, 542 U.S. at 264. Several factors guide the Court's decision on a Section 1782(a) request:

(1) whether "the person from whom discovery is sought is a participant in the foreign proceeding;"

(2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance;"

(3) whether the request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States;" and

(4) whether the discovery requested is "unduly intrusive or burdensome."

*Id.* at 264–65. The party seeking discovery need not establish that the information sought would be discoverable under the governing law in the foreign proceeding or that United States law would allow discovery in an analogous domestic proceeding. *Id.* at 247, 261–63.

A district court's discretion is guided by the twin aims of Section 1782: providing efficient assistance to participants in international litigation and encouraging foreign countries by example to provide similar assistance to our courts. *Schmitz v. Bernstein Liebhard & Lifshitz LLP*, 376

F.3d 79, 84 (2d Cir. 2004).

Applications made under 28 U.S.C. § 1782 are typically considered on an *ex parte* basis since "parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it." *IPCom GmbH & Co. KG v. Apple, Inc.*, 61 F. Supp. 3d 919, 922 (N.D. Cal. 2014) (quoting *In re Republic of Ecuador*, No. C-10-80225 MISC CRB (EMC), 2010 WL 3702427, at *2 (N.D. Cal. Sept. 15, 2010)) (internal quotation marks omitted). "Consequently, orders granting § 1782 applications typically only provide that discovery is 'authorized,' and thus the opposing party may still raise objections and exercise its due process rights by challenging the discovery after it is issued via a motion to quash, which mitigates concerns regarding any unfairness of granting the application *ex parte*." *In re Ex Parte Application Varian Med. Sys. Int'l AG, Applicant*, No. 16-mc-80048-MEJ, 2016 WL 1161568, at *2 (N.D. Cal. Mar. 24, 2016).

Unless the district court orders otherwise, the discovery authorized by the court must be obtained in accordance with the Federal Rules of Civil Procedure. 28 U.S.C. § 1782(a); *In re Letters Rogatory from Tokyo Dist. Prosecutor's Office, Tokyo, Japan*, 16 F.3d 1016, 1020 (9th Cir. 1994).

**III. DISCUSSION**

**A. Statutory Requirements**

The Clinic's application satisfies the statutory requirements of Section 1782(a). First, the subpoena seeks discovery from Google, which has its principal place of business in this District. Second, the Clinic requests this discovery for use in a civil action in Japan for infringement of honor, defamation, libel, harassment, and/or interference with business relations under Japanese law. Dkt. 1-1 at ¶¶ 8, 11-12, 14; Dkt. 1-2 at ¶ 12. This proceeding before a foreign tribunal appears to be within reasonable contemplation. *Id.*; *Intel*, 542 U.S. at 259 (adjudicative proceedings need not be pending or imminent, so long as they are within reasonable contemplation). Third, the Clinic, as the putative plaintiff in the contemplated civil action, is an interested person within the meaning of the statute.

**B. *Intel* Factors**

Although the Clinic's application satisfies the statutory requirements, the Court must also determine whether judicial assistance is appropriate by considering the *Intel* factors.

### 1. Participation of Target in the Foreign Proceeding

The first factor considers whether the person from whom discovery is sought is a party to the foreign proceeding. *Intel*, 542 U.S. at 247. However, "the key issue is whether the material is obtainable through the foreign proceeding." *In re Varian Med. Sys.*, 2016 WL 1161568, at *3 (internal quotation marks and citation omitted).

According to the application, Google will not be a party to the civil action the Clinic plans to bring in Japan. Dkt. 1-1 at ¶ 15. The documents the Clinic seeks by subpoena are located in the United States, and the Clinic contends that the evidence is thus outside the reach of a Japanese court's jurisdiction. *See* Dkt. 1 at 11-12. Under these circumstances, the Court finds that there is a need for assistance pursuant to Section 1782, making this factor weigh in favor of permitting discovery

### 2. Receptivity of Foreign Tribunal to U.S. Judicial Assistance

This factor requires the Court to consider "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance." *Intel*, 542 U.S. at 264. "This factor focuses on whether the foreign tribunal is willing to consider the information sought." *In re Varian Med. Sys.*, 2016 WL 1161568, at *4. "[I]f there is reliable evidence that the foreign tribunal would not make any use of the requested material, it may be irresponsible for the district court to order discovery, especially where it involves substantial costs to the parties involved." *Id.* (quoting *In re Babcock Borsig AG*, 583 F. Supp. 2d 233, 241 (D. Mass. 2008)). Courts have denied requests for discovery where the foreign tribunal or government expressly states it does not want the assistance of a United States federal court under Section 1782. *See, e.g., Schmitz*, 376 F.3d at 84-85 (affirming denial of Section 1782 request where German government expressly objected to the information sought due to concerns it would jeopardize an ongoing German criminal investigation, as well as German sovereign rights); *In re Ex Parte App. Of Qualcomm*

*Inc.*, 162 F. Supp. 3d 1029, 1040–41 (N.D. Cal. 2016) (concluding that this *Intel* factor weighed heavily against discovery where Korean Fair Trade Commission filed an amicus brief stating it had no need or use for requested discovery).

Here, the Clinic represents that Japanese courts have been receptive in other matters to discovery assistance from the United States. Dkt. 1 at 12-13. In the absence of evidence that Japanese courts would object to the Clinic's discovery of the information sought in the subpoena or that Japanese courts object more generally to the judicial assistance of U.S. federal courts, the Court finds that this factor weighs in favor of authorizing service of the subpoena.

### 3. Circumvention of Proof-Gathering Restrictions

This Court must next consider whether the Clinic's request for discovery "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Intel*, 542 U.S. at 265. "A perception that an applicant has side-stepped less-than-favorable discovery rules by resorting immediately to § 1782 can be a factor in a court's analysis." *In re Varian Med. Sys.*, 2014 WL 1161568, at *5 (citation omitted). Courts have found that this factor weighs in favor of discovery where there is "nothing to suggest that [the applicant] is attempting to circumvent foreign proof-gathering restrictions." *In re Google, Inc.*, No. 14-mc-80333-DMR, 2014 WL 7146994, at *3 (N.D. Cal. Dec. 15, 2014); *see also In re Eurasian Natural Resources Corp. Ltd.*, No. 18-mc-80041-LB, 2018 WL 1557167, at *3 (N.D. Cal. Mar. 30, 2018).

The Clinic supports its application with the declaration of Tomohiro Kanda, Esq. an attorney for the Clinic who is licensed to practice in Japan. Dkt. 1-1 at ¶ 1. Mr. Kanda states that he is aware of no restrictions or policies under Japanese law that would limit the gathering of the evidence the Clinic seeks here. *Id.* at ¶ 17. In the absence of contrary information regarding the procedures acceptable to a Japanese court for identifying the Google account-users, the Court concludes that this factor also weighs in favor of discovery.

### 4. Unduly Burdensome or Intrusive Discovery

Under the final factor, the Court considers whether the discovery sought is "unduly intrusive or burdensome." *Intel*, 542 U.S. at 265.

The Clinic's proposed subpoena to Google seeks one category of documents concerning

United States District Court
Northern District of California

the accounts associated with "kurumi pan" and "KS":

1. All DOCUMENTS identifying the users of ACCOUNT 1 and ACCOUNT 2, from October 01, 2018 to the present, including all names, addresses, e-mail addresses, recovery e-mail and telephone numbers of the account holder.

Dkt. 1-4. The subpoena does not seek the content of any communications associated with the accounts at issue. *See, e.g., Optiver Australia Pty. Ltd. v. Tibra Trading Pty. Ltd.*, Case No. C 12-80242 EJD (PSG), 2013 WL 256771 (discussing prohibitions of the Stored Communications Act, 18 U.S.C. § 2701 *et seq.*).

The Court finds the proposed subpoena to be narrowly tailored to seek only that information necessary to identify the users of the Google account at issue. Accordingly, subject to the requirements discussed below, the Court will permit the Clinic to serve the proposed subpoena (Dkt. 1-4) on Google.

## IV.   CONCLUSION

The Clinic's application meets the statutory criteria for an order authorizing service of the proposed subpoena. In addition, the factors that inform the Court's exercise of its discretion under *Intel* favor authorizing service of the subpoena proposed by the Clinic. Accordingly, the Court authorizes service the proposed subpoena (Dkt. 1-4) on Google on the conditions set forth below.

This order does not foreclose a motion to quash or further modify the subpoena by Google following service or by the Google account user(s) whose identifying information is sought, and the Court orders the Clinic to comply with the following requirements to ensure all interested persons have an opportunity to contest the subpoena:

1. At the time of service of the subpoena, the Clinic must also serve a copy of this order on Google.
2. Within 10 calendar days of service of the subpoena and this order, Google shall notify each of the account users that their identifying information is sought by the Clinic and shall serve a copy of this order on each such account user.
3. Google and/or each account user whose identifying information is sought may, within 21 days from the date of the notice, file a motion in this Court contesting the subpoena

(including a motion to quash or modify the subpoena).

4. If any party contests the subpoena, Google shall preserve, but not disclose, the information sought by the subpoena pending resolution of that contest.

5. Any information the Clinic obtains pursuant to the subpoena may be used only for purposes of the anticipated action in Japan, and the Clinic may not release such information or use it for any other purpose, absent a Court order authorizing such release or use.

**SO ORDERED.**

Dated: February 24, 2020

_____
SUSAN VAN KEULEN
United States Magistrate Judge